F. W. RAUSKOLB CO. v. ANTHONY MFG. CO.

(Circuit Court of Appeals, First Circuit. November 8, 1918.)

No. 1340.

1. APPEAL AND ERROR ⬩877(1)—REVIEW—QUESTIONS PRESENTED.

Where plaintiff appealed from a decree of noninfringement, and not from the part of the decree sustaining the validity of the patent, *held*, that the question of infringement was the only one presented.

2. PATENTS ⬩174—IMPROVEMENT PATENTS—CONSTRUCTION.

Doubtless an improvement patent may be relieved in a measure from the operation of the rule of limited construction, if the merit of the invention warrants it; but the merit is not ordinarily accepted as sufficient when the invention only slightly advances the art.

3. PATENTS ⬩328—CONSTRUCTION—INFRINGEMENT.

The Rauskolb patents, Nos. 1,072,992, and 1,103,222, for a method of gold leaf mounting, *held* limited to the use of pressure, and not infringed by the attachment of metal leaf by adhesive in accordance with the Davis and Schumacher patent, No. 1,124,114.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit by the F. W. Rauskolb Company against the Anthony Manufacturing Company. From a decree for defendant, plaintiff appeals. Affirmed.

Frederick P. Fish, of Boston, Mass. (J. L. Stackpole, of Boston, Mass., on the brief), for appellant.

Odin Roberts, of Boston, Mass., and Hubert Howson, of New York City, for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and ALD-RICH, District Judge.

ALDRICH, District Judge. The two patents upon which the plaintiff relies are for improvements in the art of metal leaf mountings, and it is apparent that the leading object was to provide improved means for mounting gold leaf upon leather, cloth and other surfaces.

In the court below the defense was noninvention and noninfringement, with the result that that court accepted the patents as valid and, under the rule of limited or narrow construction, found no infringement.

[1] There being no appeal from that part of the decision which gives to the patents the status of invention, there is nothing before us as to their validity. It is true that assignments of error 1 and 2 set out that the court erred in not holding the patents good and valid, but counsel in their brief say that the assignments of error are, in substance, that the court erred in not holding the patents infringed. Under the circumstances; there is no occasion for an examination of any questions other than those which relate to the District Court's interpretation of the claims and the finding of no infringement under their scope as limited by the rules of narrow construction.

[2] Doubtless an improvement patent may be relieved, in a measure, from the operation of the rule of limited or strict construction if the merit of the invention is such as to warrant it (Whitin Machine Works v. Houghton, 178 Fed. 444, 445, 101 C. C. A. 344), but the merit is not ordinarily accepted as sufficient to warrant it when the invention only slightly advances the art, thus carrying the claims only a little into the field of invention. Under such view, and dealing with the question of merit as a question of fact, as we must, no reason can be seen for invoking the theory of liberal construction in order to carry protection to the plaintiff beyond the particular means which he described and relied upon in claiming his invention.

[3] The leading argument which the appellant directs against the reasoning and findings of the District Court is that there was no warrant for the position of that court that the Rauskolb patents contemplated the use of substantial pressure in applying gold leaf, and that the defendant's mounting was made without the use of substantial pressure. This argument cannot be accepted as sound, under the claims of the Rauskolb patents, as explained by their specifications and under the claims and specification of the Davis and Schumacher patent under

which the defendant's mounting was made. This is so because the leading idea in the Rauskolb patents is to securely attach metal leaf under nonadhesive conditions in respect to the paper on the side to which it is applied, and that such attachment is to be secured through pressure as the only means for uniting the leaf; while the leading idea of Davis and Schumacher was to attach the metal leaf to paper, not under substantial pressure, but through the medium of an adhesive or sticky substance, and the alleged infringing article was made in accordance with that idea.

Rauskolb, in the specification of his article patent, of July 14, 1914, emphasized the idea of pressure by describing his article of manufacture as one "consisting of a sheet of gold leaf with a backing of nonadhesive paper applied thereto by pressure and provided on the opposite face thereof with a fine coating of adhesive sizing."

It would thus seem that pressure was the only means which Rauskolb had in mind for securing the attachment of the gold leaf to the nonadhesive side of the paper. He apparently had no thought of securing such attachment through the medium of adhesive substances. Indeed, there would seem to be ground for suggestion that his idea was to exclude adhesive materials as a means of attachment, because, in the specification of his article patent, he points out objections to sized materials as used in the older art. According to his specifications, Rauskolb apparently relied upon pressure, applied to his three sheets, as the sole agency for causing the delicate sheet, or metal foil, to adhere firmly to the sheet of paper which was to become its backing. The method for arranging the three sheets for his contemplated and necessary pressure was described by Mr. Rauskolb, who testified before Judge Dodge, and the contemplated pressure was described as that of hydraulics, and of the measure in round figures of one hundred tons to the square inch.

On the other hand, as has been already said, the process contemplated by the Davis and Schumacher patent was secured by attachment through the instrumentality of a wax containing a sticky substance. In each of the seven claims of this patent the idea is expressed that the attachment of the metallic leaf ribbon, comprising a carrier strip having a film of gold, shall be secured through the medium of a sticky substance, because, in speaking of the two elements of the combination of the leaf ribbon, the claims say "secured thereto" by a wax containing a sticky substance, sometimes describing the adhesive substance, as that of wax, containing a small amount of sticky substance, and sometimes as a film of yellow beeswax. So far as concerns the security of such attachment, it cannot reasonably be said that pressure was a substantial element of its security, because the word "pressure" does not appear in any of the claims, and because pressure cannot be accepted as an intended substantial element of the proposed attachment.

The slight pressure of the heated die spoken of in the specification of the Davis and Schumacher patent we think was something quite independent of the original and supposed inventive attachment of their metal film, and was something having reference to ornamentations of

the front surface, at a stage of the process subsequent to the attachment of the film to the carrier strip of which we have been speaking. And the same is true of the Rauskolb patents, whose specifications speak of ornamenting the surface of the metal leaf with suitable characters through the instrumentality of the heat and pressure of the impression portion of a heated die applied to the rear face of the sheet of paraffin paper; but this, we think, is an after feature, and something quite independent of Rauskolb's high pressure attachment of the gold foil to the other face of its backing under nonadhesive material conditions, or in other words, as Rauskolb says in his specifications, under conditions where there is no "necessity of applying sizing to the leather or other material to which the leaf is to be affixed."

In short, we think the method of the process of Rauskolb, and that of Davis and Schumacher, not only differ in detail and in mode of operation, but that they are substantially different in principle.

In view of the prior art and the prominence which the inventor gave to the element of pressure in the Patent Office proceeding, and under the repeated iterations of his specifications as to pressure under nonadhesive conditions, it is difficult to resist the conclusion that the patent was based upon the conception of the supposed inventive idea, and the description of means of uniting metal foil, without the aid of adhesive substance, to a paper backing to be treated with a coating of adhesive sizing on its opposite face; thus, according to Rauskolb's suggestion in his specifications, doing away with the necessary sizing between the layer of metal leaf and the material, of the older methods which, according to Rauskolb's idea, as he points out in his specification, was an objectionable feature, because it disfigured and caused loss of metal leaf, which, when gold, has a considerable value; while Davis and Schumacher hold to a method of adhesive attachment between the foil and the carrier strip, without substantial pressure, thus clearly and at once substantially differentiating their method from the pressure method of Rauskolb, where the idea of pressure and uniting without adhesive material embodies the substantial, if not the whole, merit of the invention. Under such circumstances, we cannot see that the Davis and Schumacher process was in any substantial sense the equivalent of that of Rauskolb. It results, therefore, that the finding of no infringement must be sustained.

Upon the arguments no suggestions were made upon the question of costs raised by the assignment of errors.

The decree of the District Court is affirmed, with costs.